[Doc. No. 27]

```
THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
          CAMDEN VICINAGE
```

TERRI GOODMAN, et al.,

              Plaintiffs,

   v.

SHORE CLUB CONDOMINIUM ASSOC., et al.,

              Defendants.

Civil No. 17-2226 (JS)

## OPINION

This matter is before the Court on the "Motion for Summary Judgment" ("motion") [Doc. No. 27] filed by defendant Margate City ("Margate" or "defendant"). The Court is called upon to address whether there is sufficient evidence in the record to support plaintiff's claims against Margate arising out of a trip and fall that occurred in the parking lot of a condominium complex. No opposition was filed. The Court exercises its discretion to decide Margate's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Margate's motion is GRANTED.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to hear the case. [Doc. No. 12].

1

**Background**

The Court will begin with a summary of the background facts. As required in the present context, plaintiffs will be given the benefit of all reasonable inferences from the facts of record and the evidence will be viewed in the light most favorable to plaintiffs. Plaintiffs in this action are Joel and Terri Goodman, husband and wife residing in Pennsylvania. Second Am. Compl. ("SAC") at ¶ 1 [Doc. No. 21]. Defendants in this action are Margate City ("Margate"), Thompson Realty Company ("Thompson Realty") and Shore Club Condominium Association ("Shore Club").[2] Id. at ¶ 2.

On January 1, 2016, plaintiff Terri Goodman tripped and fell in the parking lot of Shore Club Condominiums where the Goodmans are unit owners. Id. Plaintiff severely fractured her arm as a result of the fall. Id. She required surgery and the placement of pins and plates to repair her arm. Id. at ¶ 9.

On January 22, 2016, plaintiffs served a Tort Claims Notice upon defendant Margate. See January 22, 2016 Letter to Margate City, Ex. C to Mot. [Doc. No. 27]. The letter stated:

> Mrs. Goodman was injured while walking in the dark parking lot of the Shore Club Condominium side parking lot. The incident happened approximately 8:20 p.m. From examination of the photos of the area it appears that there is a possibility that your water department concrete pad installation disrupted the blacktop causing

---

[2] Plaintiff brings this action pursuant to 28 U.S.C. § 1332 alleging complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. SAC at ¶¶ 2-4.

2

> a tripping hazard. Therefore, we are putting you on notice of our claim.

On April 3, 2017, plaintiffs filed the initial complaint in this action. [Doc. No. 1]. On November 16, 2017, plaintiffs filed their second amended complaint, which is the operative complaint. SAC at ¶ 1, 2.

Plaintiffs allege the parking lot at Shore Club was "poorly lit, defective and dangerous." Id. Plaintiffs further allege that "[f]or some time prior to the date of the accident . . . defendant Shore Club Condominium Association owned, possessed maintained and controlled the area in question." Id. at ¶ 7. Plaintiffs also aver the area where plaintiff fell was "possessed managed and controlled by defendant Thompson Realty Company, which negligently and carelessly maintained and controlled the area." Id. at ¶ 8. It is further alleged that defendant Margate "owned and possessed, maintained and controlled the area" where plaintiff tripped and fell "and may have built or constructed the area in a dangerous and defective condition and maintained and controlled the area in a dangerous and defective condition." Id. at ¶ 13. Plaintiffs allege defendants were negligent in "[f]ailing to warn plaintiffs of a dangerous condition, failing to provide proper lighting, failing to fix the dangerous and defective condition which was a tripping hazard, causing a dangerous and defective condition which was a tripping hazard, [and] otherwise acting negligently." Id. at

¶ 14. As to Margate specifically, plaintiffs allege Margate was negligent because it "[i]mproperly create[ed] and maintain[ed] the area in question which was a trip step" and it "fail[ed] to warn pedestrians of the dangerous condition." Id.

Margate filed this motion seeking judgment in its favor, arguing generally: (1) Margate had no ownership or control over the area in question, and thus, it cannot be held liable for any alleged dangerous condition; (2) even if Margate had ownership or control over the area, it had no notice of any alleged dangerous condition, a prerequisite to liability under the New Jersey Tort Claims Act; and (3) any action or inaction on the part of Margate was not palpably unreasonable, an additional requirement under the New Jersey Tort Claims Act.[3] Plaintiffs did not file a response to Margate's motion.

The Court agrees there is not sufficient evidence in the record from which it could be determined Margate had ownership or control over the area where plaintiff fell. Further, even if there existed a dangerous condition on property owned or controlled by Margate, there is no evidence in the record from which it could be determined Margate had actual or constructive notice of any such

---

[3] Shore Club and Thompson Realty have also filed a motion for summary judgment. [Doc. No. 28]. That motion will be addressed in a separate Opinion and Order.

condition. Accordingly, Margate's motion for summary judgment will be granted.

**Discussion**

**A. Summary Judgment Standard**

A court should grant summary judgment when the record demonstrates "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists if the evidence is such that a reasonable jury could find for the non-moving party on an issue affecting the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). To determine if a material fact exists a court must view the evidence in the light most favorable to the non-moving party. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The moving party has the initial burden to demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Where, as here, the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment by observing that there is an absence of evidence to support an essential element of the nonmoving party's case. Id. at 325; see also Rahman v. Taylor, C.A. No. 10-0367 (JBS/KMW), 2013

5

WL 1192352, at *2-3 (D.N.J. Mar. 21, 2013). Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

A plaintiff opposing a defendant's motion for summary judgment has the burden of coming forward with evidence, not mere allegations, that raise a genuine dispute of material fact and suffice to enable a reasonable jury, giving all favorable inferences to the plaintiff as the party opposing summary judgment, to find in plaintiff's favor at trial. Fed. R. Civ. P. 56(c)(1)(A) further provides that, to create a genuine issue of material fact, the nonmovant must do so by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Here, no party has opposed Margate's motion. However, the mere failure to respond to a motion for summary judgment "is not alone a sufficient basis for the entry of a summary judgment." Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). The Court still must determine, even for an unopposed summary judgment motion, whether

6

the motion has been properly made and supported and whether granting summary judgment is appropriate. Id.

Thus, in order to grant Margate's unopposed motion for summary judgment where, as here, "the moving party does not have the burden of proof on the relevant issues, . . . the district court must determine that the deficiencies in opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id. Additionally, pursuant to Local Civ. R. 56.1(a), defendant's statements of material facts, having not been admitted, denied or addressed by plaintiffs in any fashion, are deemed undisputed for the purpose of this motion. Rahman, 2013 WL 1192352, at *3.

**B. Immunity Under the New Jersey Tort Claims Act**

It is undisputed that Margate is a public entity that is liable only to the extent permitted by the New Jersey Tort Claims Act ("NJTCA"). Pursuant to the NJTCA, in order to hold a public entity liable for an injury occurring on its property, plaintiffs bear the burden of showing: (1) the property was in a dangerous condition at the time of the injury; (2) the injury was proximately caused by the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred; and (4) a public employee's act or omission created the dangerous condition, or the public entity had actual or constructive notice of the dangerous condition for a sufficient

7

time prior to the injury. Marenbach v. City of Margate, 942 F. Supp. 2d 488, 495 (D.N.J. 2013) (citing N.J.S.A. 59:4-2). Further, even if plaintiffs have shown all of these elements, the public entity will not be liable unless the public entity's action or inaction in regards to the dangerous condition was "palpably unreasonable." Polzo v. County of Essex, 209 N.J. 51, 66 (2012) (citing N.J.S.A. 59:4-2).

Plaintiff alleges the parking lot of Shore Club was in a dangerous condition in the form of uneven pavement and inadequate lighting. SAC at ¶ 6. Margate contends it cannot be held liable because: (1) the incident occurred in Shore Club's private parking lot and Margate had no ownership or control over the area; (2) even if there existed a dangerous condition on public property, Margate did not have notice of said condition, a factor plaintiffs must prove pursuant to the NJTCA; and (3) any action or inaction on the part of Margate was not palpably unreasonable, an additional requirement of the NJTCA.

### 1. Public Property

Margate points out that N.J.S.A. 59:4-2 provides that a public entity shall only be liable when there exists a dangerous condition on its own property, not the property of others. Def.'s Br. at 5. Margate argues "there is no question that co-defendant Shore Club Condominiums owned and maintained the area where plaintiff fell." Id.

N.J.S.A. 59:4-2 provides that "[a] public entity is liable for injury caused by a condition <u>of its property</u>" (emphasis added). Thus, a public entity is not liable for dangerous conditions occurring on private property. <u>Ball v. N.J. Bell Tel. Co.</u>, 207 N.J. Super. 100, 107 (App. Div. 1986). Further, "public property" is defined as "property owned or controlled by the public entity, but does not include easements, encroachments and other property that are located on the property of the public entity but are not owned or controlled by the public entity." N.J.S.A. 59:4-1(c).

Plaintiff consistently alleges that the fall occurred in Shore Club's parking lot. The complaint alleges that when the fall occurred plaintiff "was lawfully on premises owned, possessed, maintained and controlled" by Shore Club. SAC at ¶ 6. Further, in the January 22, 2016 letter to Margate, plaintiff indicated that she fell "while walking in the dark <u>parking lot of Shore Club Condominium</u>." January 22, 2016 Letter (emphasis added). In her answers to interrogatories plaintiff stated that she tripped "over [the] <u>parking area</u> curb." Plaintiff's Answers to Interrogatories, Ex. B. to Mot. [Doc. No. 27] (emphasis added).

Further, during her deposition, plaintiff was given a photograph of the parking lot of Shore Club and asked to indicate the specific area where she fell. T. Goodman Dep., Ex. D to Mot. [Doc. No. 27] at 20:15-23:16; <u>see also</u> Ex. P-1. Plaintiff circled the area on the photograph and stated that she was walking when

9

her "left foot tripped, got caught on the difference between the cement and the blacktop and this like curb lip, the inside of that curb." T. Goodman Dep. at 23:15-16; 23:23-24:1 (emphasis added); see also Ex. P-1. Plaintiff's complaint, answers to interrogatories and deposition testimony indicates she fell in Shore Club's parking lot and, more importantly, inside the curb line of the parking lot.

To support its argument that it does not own or control the parking lot area where plaintiff fell, Margate presents the deposition testimony of Frank Ricciotti, Superintendent for the City of Margate Public Works Department. Ricciotti Dep., Ex. H to Mot. [Doc. No. 27] at 6:1-11. Ricciotti testified that Margate's ordinance mandates that Margate is not responsible for maintaining anything "inside the curb line." Id. at 9:4-8. He also testified that Margate is responsible for maintaining the street up to and including only the "face of the curb line" or the street side of the curb line. Id. at 9:22-10:13.

Plaintiffs' January 22, 2016 letter to Margate indicates that plaintiffs believed Margate was responsible for the concrete pad in the Shore Club Parking lot and that is why plaintiffs sought to bring a claim against Margate. See January 22, 2016 Letter. Plaintiffs stated that the "water department concrete pad installation disrupted the blacktop causing a tripping hazard." Id. However, when asked about the concrete pad in Shore Club's

parking lot, Ricciotti testified that Margate does not have any responsibility to maintain that area. Ricciotti Dep. at 8:17-25; 10:23-11:8. Ricciotti further testified that he did not know why the concrete pad was there but that is where the water meter and water shutoff are located. Id. at 10:23-11:17. When asked about Margate's responsibility as to the water meter and the water meter shutoff, Ricciotti stated, "We basically [do not] do anything with these." Id. at 11:18-23.

Ricciotti was given the same photograph plaintiff was given of the parking lot where the fall occurred. Id. at 8:11-15; see also P-1; P1-R. Ricciotti was asked to indicate where Margate's maintenance responsibilities begin by drawing a line on the exhibit. Ricciotti Dep. at 9:22-10:14; see also P-1R. The exhibit, marked by plaintiff to indicate where she fell and Ricciotti to indicate where Margate's responsibility begins, indicates plaintiff's fall occurred in an area that is outside of Margate's control. See P-1R.

Margate also points out that its city ordinance delegates the responsibility of sidewalk/curb construction and maintenance to Shore Club. Margate cites Margate City Ordinance § 242-6 which states that "[a]ll the sidewalks in all the streets, roads, and highways of the City of Margate City, New Jersey, shall be constructed, reconstructed, paved, repaved, curbed, and recurbed, improved or repaired at the cost and expense of the owner or owners

of the land in front of which any such improvements shall be made." Margate contends this ordinance "establishes that the property owner is responsible up to and including the curb." Def.'s Br. at 5.

N.J.S.A. 40:65-14 states that "[a]ny municipality may prescribe by general ordinance in what case curbs and sidewalks shall be constructed, repaired, altered, relaid or maintained at the expense of the abutting landowners." Thus, rather than undertake to install and maintain curbs and sidewalks itself, Margate ceded this obligation to property owners through Margate City Ordinance § 242-6.

Even viewing the evidence in the light most favorable to plaintiffs, plaintiffs have failed to present evidence from which it could be determined Margate owned or controlled the area where plaintiff fell. Plaintiff has consistently alleged she fell on the parking lot side of the curb line. Further, no party has rebutted Margate's evidence that it had no ownership or control over Shore Club's parking lot area and it only controlled the area up to the street side of the curb line. According to Ricciotti's testimony and Margate's ordinance, Margate does not have any maintenance responsibility on the parking lot side of the curb. Thus, there is an absence of evidence indicating Margate had any control or ownership over the area where plaintiff fell, an essential element of the case and plaintiffs' burden to prove. Accordingly, Margate

is entitled to judgment as a matter of law. See Marenbach v. City of Margate, 942 F. Supp. 2d 488, 494 (D.N.J. 2013)(granting summary judgment in favor of public entity where plaintiff did not present sufficient evidence showing the public entity owned or controlled the area where plaintiff fell).

### 2. Actual or Constructive Notice

Even if plaintiffs could show there existed a dangerous condition on Margate's property, summary judgment in Margate's favor would still be appropriate because there is not sufficient evidence from which it could be determined Margate had notice of any alleged dangerous condition. Margate points out that a plaintiff must show the public entity it seeks to hold liable "had actual or constructive notice of an alleged dangerous condition." Def.'s Br. at 6.[4] This evidence does not exist.

---

[4] Margate contends that in situations where the public entity is not the owner of property, "a higher standard of actual notice is required and constructive notice will not suffice." Def.'s Br. at 6. For this proposition Margate cites DeBonis v. Orange Quarry Co., 233 N.J. Super. 156 (App. Div. 1989). However, DeBonis is distinguishable as it concerns liability under a specific set of circumstances. In DeBonis, the plaintiff was alleging negligence pursuant to section 59:4-4 of the NJTCA which imposes liability on public entities for failure to provide traffic signals or signs in an emergent situation. Id. at 171. The DeBonis court determined that a plaintiff can hold a township liable for failure to provide emergency traffic signals on a roadway it does not own only when the township had actual notice of the dangerous condition. Id. at 172. In making its determination, the DeBonis court cited cases in which a plaintiff sought to hold a township liable for a failure to provide emergency traffic signals on a roadway the township did not own. Id. The case before this Court does not concern section 59:4-4 or a traffic accident resulting from a lack of emergency

13

In order to hold Margate liable under the NJTCA, plaintiffs must show either: (1) a public employee's negligent act or omission created the dangerous condition, or (2) the public entity had actual or constructive notice of the allegedly dangerous condition. Polzo v. County of Essex, 209 N.J. 51, 66-67 (2012). Plaintiffs do not make any allegations or present any evidence that Margate created a dangerous condition causing plaintiff's injuries. Thus, plaintiffs have to show Margate had actual or constructive notice of the alleged dangerous condition in order to hold Margate liable.

Actual notice can be shown through proof that the public entity had actual knowledge of a defect and "should have known of its dangerous character." Id. at 67 (citing N.J.S.A. 59:4-3(b)). Constructive notice can be shown through evidence that "a dangerous condition is 'obvious' and has existed 'for such a period of time' that the public entity should have discovered it through the exercise of reasonable care." Id. (citing N.J.S.A. 59:4-3(b)). Further, "the mere existence of an alleged dangerous condition is not constructive notice of it." Robinson v. City of Ocean City, C.A. No. 10-2129 (JBS/AMD), 2012 WL 5621118, at *4 (D.N.J. Nov. 14, 2012)(citations omitted). Plaintiffs have not presented

---

signals. Margate cites no cases outside of this specific context. However, whether the standard is actual notice or constructive notice, plaintiffs have not presented evidence sufficient to make either finding.

evidence from which it could be determined Margate had actual knowledge of any alleged dangerous condition. There is nothing in the record to indicate Margate knew of any alleged defect either from its own observation of the area or from reports of others. As noted above, Margate had no responsibility over the Shore Club parking lot. Accordingly, it would have no opportunity or responsibility to inspect the area and discover any alleged defect. Further, Ricciotti reported that he was not aware of any complaints to Margate regarding either the pavement of the parking lot or inadequate lighting on that side of the building. Ricciotti Dep. at 13:7-13; 14:6-10. Accordingly, there is no evidence in the record from which it could be determined Margate had actual notice of any alleged dangerous condition.

The record is further lacking in evidence from which it could be determined Margate had constructive notice of an alleged dangerous condition. Plaintiffs have not presented evidence indicating the condition was "obvious" to Margate. Further, there is no evidence indicating the alleged dangerous condition existed for such an extended period of time that Margate should have discovered it. The mere fact that plaintiff fell and alleges a dangerous condition caused her fall is not sufficient to show that Margate had constructive notice. See Robinson, 2012 WL 5621118, at *4.

Because plaintiffs have not presented sufficient evidence from which it could be determined Margate had actual or

constructive notice of any alleged dangerous condition, an essential element of plaintiffs' case, summary judgment in favor of Margate is appropriate. See Marenbach, 942 F. Supp. 2d at 495-96 (granting summary judgment in favor of public entity where plaintiff could not establish public entity owned or controlled the property or that the public entity had actual or constructive notice of the alleged dangerous condition); Banks v. Gunderson, Docket No. A-0569-16T1, 2018 WL 2422440, at *13 (N.J. Sup. Ct. App. Div. May 30, 2018)(affirming trial court's grant of summary judgment in favor of public entity where the record lacked evidence of either actual or constructive notice of an alleged dangerous condition).[5]

**Conclusion**

For the reasons discussed above, Margate's summary judgment motion will be granted. An appropriate accompanying Order will be entered.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

Dated: September 10, 2018

---

[5] Margate argues in the alternative that even if it created a dangerous condition on its property and it had notice of such a condition, there is no evidence in the record indicating its actions or inactions were palpably unreasonable. Def.'s Br. at 7. Because the Court finds there is no evidence in the record from which it could be determined there existed a dangerous condition on Margate's property, nor is there evidence showing actual or constructive knowledge, the Court need not reach this argument.